EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MARCELINO SALDAÑA, acusado y apelante.

Núm. 7924.—*Sometido:* Enero 18, 1940. *Resuelto:* Enero 19, 1940.

*Enrique Báez García,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

La denuncia, base de este proceso, copiada a la letra en lo pertinente, dice:

"Yo, Rosa Virella, vecina de Ciales, P. R., calle de Betances, número XX, mayor de edad, formulo denuncia contra Marcelino Saldaña, por delito Abandono y Descuido de Menores, cometido de la manera siguiente: que desde el 16 de mayo de 1939, y en la calle Betances de Ciales, del Distrito Judicial Municipal de Ciales, que forma parte del Distrito Judicial de Arecibo, P. R., el referido acusado, Marcelino Saldaña, allí y entonces, de manera ilegal, voluntaria y maliciosa y sin excusa legal para ello, y con la intención criminal de dejar en completo estado de abandono al menor Otto Antonio Saldaña, de seis meses de edad, dejó de proveerle del indispensable alimento, ropa, calzado, medicinas, asistencia médica y de todo aquello indispensable para la subsistencia de dicho menor. Hecho contrario a la Ley."

Sigue en la transcripción la sentencia, así:

"En el día de hoy y en corte abierta se llamó este caso a vista por su orden de señalamiento compareciendo el Pueblo de Puerto Rico representado por su Fiscal y el acusado Marcelino Saldaña asistido de su abogado Lcdo. Pedro Anglade.

"Leídale la denuncia el acusado hizo alegación de culpable. La Corte, en su virtud, lo declara convicto del delito de Abandono de Menores y le condena a sufrir la pena de seis meses de cárcel, con

las costas. La Corte deja en suspenso la entencia dictada, siempre que el acusado pase la cantidad de $2.00 semanales para alimentos y vestidos de su menor hijo.

"Pronunciada en corte abierta en la ciudad de Arecibo, Puerto Rico, a 25 de agosto de 1939."

Luego viene el escrito de apelación y con ello la transcripción termina.

En su alegato señala el apelante dos errores cometidos al castigársele sin que en la acusación se le impute la comisión de un delito y al dictarse contra él una sentencia que es contraria a la ley y no está apoyada en prueba alguna.

El fiscal en su informe escrito y en el acto de la vista se adhirió al recurso por entender que no alegándose en la denuncia que el denunciado sea el padre del menor, no se le imputa el delito por el cual se le acusó y castigó, ya que sólo cuando se es padre y se deja de cumplir voluntariamente y sin excusa legal para con el hijo cualquiera de las obligaciones que la ley le impone, de proveerle del necesario alimento, vestuario o asistencia médica, es que se incurre en *misdemeanor* de acuerdo con la ley aplicable o sea con el artículo 263 del Código Penal, que prescribe:

"Artículo 263.—Todo padre o madre de un hijo legítimo, legitimado, natural o ilegítimo reconocido y adoptivo que voluntariamente y sin excusa legal, dejare de cumplir cualesquiera de las obligaciones que la ley le impone, de proveerle del indispensable alimento, vestuario o asistencia médica, incurrira en *misdemeanor; Disponiéndose, sin embargo,* que cuando se denuncie a una persona bajo las disposiciones de este artículo y fuere sentenciada, la corte podrá dejar en suspenso la ejecución de la sentencia bajo las condiciones que tenga a bien imponer para bienestar del niño."

Y así es en efecto. Hábilmente el acusado se declaró culpable y esa declaración sólo acepta los hechos tales como se imputan en la denuncia o en la acusación. No se presentó prueba alguna y ahora se aprovecha de su habilidad ante esta Corte Suprema.

Bajo las circunstancias concurrentes nos vemos obligados a revocar la sentencia. El hecho que se imputa al denun-

ciado cuya verdad aceptó al declararse culpable, no es constitutivo de delito. El dejar de proveer el indispensable alimento a un menor no constituye en la actualidad un delito a menos que se sea padre o madre del mismo. Y la denuncia no dice que el denunciado—ni por consiguiente lo aceptó éste al declararse culpable—fuera padre del menor de que se trata.

*Debe declararse con lugar el recurso, revocarse la sentencia apelada y absolverse al acusado.*